BOWES, Judge.
The present case comes to us on appeal from a unique judgment, on an issue of first impression; and following an interesting series of procedural circumstances. We affirm the trial court on the following issues of fact and law.
Plaintiff and defendant lived together as man and wife since approximately 1970, having never legally married, and produced two daughters, Leah and Courtney Agee. Plaintiff Agee recognized and acknowledged these children as his natural offspring, and, indeed, his name appears as father on each birth certificate (both children were born outside of the State of Louisiana). In 1979, after the plaintiff refused to marry defendant, the defendant married one Herman Altice. Mr. and Mrs. Altice have lived together with the children since their marriage, and, in 1981, moved to New Orleans.
In December, 1981, plaintiff filed a petition for visitation rights in the 24th Judicial District Court. Defendant countered with a rule for past-due child support, and a rule for an increase. It should be noted here that the Juvenile Court in Fairfax County, Virginia, ordered support and specified visitation rights, which order both plaintiff and defendant sought to have recognized in our jurisdiction.
The above rules were continued until plaintiff filed a rule to show cause which is the subject of this appeal. Specifically, Mr. Agee averred that Mrs. Altice, the children’s mother, utilized her last name of Altice in certain circumstances dealing with the children (the children were registered as “Altice” in their present school). The rule prayed that the defendant be ordered to show cause “as to why the names of their minor children, namely Leah Agee and Courtney Agee, should not be kept the same and utilized as same in all records pertaining to the children.”
At the hearing on all pleadings, the issues of support and visitation were resolved, and, from these findings, no appeal has been perfected. The trial court dismissed plaintiff’s final motion, refusing to order the mother not to use any name other than “‘Altice’, which she presently uses.” This dismissal was effected notwithstanding certain “Acts of Legitimation” executed by the plaintiff in January 1982, after the initiation of these proceedings. No evidence of the recordation of these acts was ever produced.
In his brief, appellant argues that the traditional test in domestic disputes between parents is that of the best interest of the child. We agree. The well-being of the children, who usually comprise the rope in the tug-of-war between parents, is the paramount consideration of the court.
However, we, as well as the trial court, fail to see how use of the name “Altice” instead of “Agee” has affected the children. No evidence of such harm was proven at trial. The only testimony mitigating toward such a conclusion was that of the *669 father (Agee), and was directly contradicted by the mother. No expert testimony of any kind was offered.
This court is of the opinion that Mr. Agee has not stated a recognizable cause of action upon which he can be granted relief. Agee cites no Louisiana cases, on this point, nor any authorities to give him any standing to demand such relief. We are unable to discover any law or jurisprudence which would enjoin a mother from refusing to employ a non-legal father’s name for her children, however belatedly he may have sought to legitimate them. Also, it is important to note that no legal change of name has been sought by the defendant in any proceedings before us, or known to us.
Therefore, we find no manifest error and so will not disturb the trial court’s findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The judgment appealed from is hereby affirmed.
AFFIRMED.